# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# WESTERN DIVISION

| | |
|---|---|
| **TIMOTHY RAGAN, et al.,** ] | |
| ] | |
| **Plaintiffs,** ] | |
| ] | |
| v. ] | Case No.: 7:24-cv-1544-ACA |
| ] | |
| **ROCK DRILLERS UNLIMITED, INC.,** ] | |
| **et al.,** ] | |
| ] | |
| **Defendants.** ] | |

## MEMORANDUM OPINION AND ORDER

Plaintiffs Timothy Ragan and Michael Terry brought this lawsuit under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b), against the company for which they worked, Rock Drillers Unlimited, and its owner, Michael Lind. (Doc. 8 ¶¶ 7–9). They brought overtime pay and minimum wage violation claims against both Defendants ("Counts One and Two") and a common law unjust enrichment claim against only Rock Drillers ("Count Three"). (*Id.* ¶¶ 51–74). Following Rock Drillers's failure to defend, the court entered default judgment against the company on Counts One and Two. (Doc. 20). Messrs. Ragan and Terry now move for default judgment against Mr. Lind. (Doc. 25). The court **WILL GRANT** the motion and **WILL ENTER DEFAULT JUDGMENT** because Mr. Lind is an "employer" under the FLSA.

Additionally, the court ordered Messrs. Ragan and Terry to show cause why it should not dismiss Count Three against Rock Drillers for failure to prosecute. (Doc. 24). In their response, Messrs. Ragan and Terry do not address Count Three. (Doc. 26). Accordingly, the court **WILL DISMISS** Count Three of the amended complaint for failure to prosecute without further discussion. *See* Fed. R. Civ. P. 41(b).

## I. BACKGROUND

A defaulting defendant "admits the plaintiff's well-pleaded allegations of fact" for purposes of liability. *Buchanan v. Bowman*, 820 F.2d 359, 361 (11th Cir. 1987) (quotation marks omitted). Accordingly, the court takes as true the well-pleaded allegations of Messrs. Ragan and Terry's amended complaint.

Messrs. Ragan and Terry worked as pipelayers for Rock Drillers and Mr. Lind. (Doc. 8 ¶ 16). In addition to owning Rock Drillers, Mr. Lind controlled employee work schedules; set pay policies, rates, and disbursement methods; and maintained payment records. (*Id.* ¶¶ 9, 57).

Messrs. Ragan and Terry sued Rock Drillers and Mr. Lind for violations of the FLSA's overtime pay and minimum wage provisions. (*Id.* at 51–64); 29 U.S.C. §§ 206(a), 207(a)(1). They moved for default judgment against Rock Drillers. (Doc. 12). The court held a hearing on the motion (doc. 19), at which the court granted the motion as to the FLSA claims and awarded compensatory and liquidated damages

in the amount of $22,900.70 per Plaintiff and attorney's fees and costs in the amount of $3,271.25 per Plaintiff.

## II.   DISCUSSION

Federal Rule of Civil Procedure 55 establishes a two-step procedure for obtaining a default judgment. *Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975).[1] First, when a defendant fails to plead or otherwise defend a lawsuit, the Clerk of Court must enter the party's default. Fed. R. Civ. P. 55(a). Here, the Clerk of Court entered default against Mr. Lind. (Doc. 22).

Second, after the Clerk's entry of default, if the defendant is not an infant or an incompetent person, the court may enter a default judgment against the defendant if the well-pleaded allegations in the complaint state a claim for relief. Fed. R. Civ. P. 55(b)(2). Any employer who violates overtime pay and minimum wage requirements is liable under the FLSA. 29 U.S.C § 216(b). An "employer" is "any person acting directly or indirectly in the interest of an employer." *Id.* § 203(d). "[A] corporate officer with operational control of a corporation's covered enterprise is an employer along with the corporation, jointly and severally liable under the FLSA for unpaid wages." *Patel v. Wargo*, 803 F.2d 632, 637–38 (11th Cir. 1986). "To be

---

[1] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down before October 1, 1981.

personally liable, an officer must either be involved in the day-to-day operation or have some direct responsibility for the supervision of the employee." *Id.* at 638.

The Court already found Rock Drillers liable for the alleged overtime pay and minimum wage violations and entered default judgment against it. (Doc. 20; *see* doc. 8 ¶¶ 51–69); *see* 29 U.S.C. §§ 207(a)(1), 206(a). So the only remaining question is whether Mr. Lind was also Messrs. Ragan and Terry's "employer" under the FLSA. *See Patel*, 803 F.2d at 637–38.

Mr. Lind is the owner and "sole executive" of Rock Drillers. (Doc. 8 ¶¶ 9, 57). Mr. Lind controlled Messrs. Ragan and Terry's schedules, including determining location, duration, and specific tasks to be accomplished in each shift. (*Id.* ¶¶ 9, 57). He also set the rate and method of payment, created pay policies, and maintained pay records. (*Id.* ¶ 9, 57). So Mr. Lind had direct responsibility for supervising Plaintiffs and controlling day-to-day operations. *See Patel*, 803 F.2d at 638; *see also Spears v. Bay Inn & Suites Foley, LLC*, 105 F.4th 1315, 1320 (11th Cir. 2024) (holding a manager that set work schedules, delegated tasks, and signed paychecks was an "employer"). Thus, he is an employer and can be held liable under the FLSA.

### III.  CONCLUSION

Consistent with the findings made at the hearing (*see* doc. 19) and this opinion, the court **WILL GRANT** Messrs. Ragan and Terry's motion for default

4

judgment and **WILL ENTER DEFAULT JUDGMENT** in favor of Messrs. Ragan and Terry and against Mr. Lind in the amounts of $22,900.70 in compensatory and liquidated damages per Plaintiff and $3,271.25 in attorney's fees and costs per Plaintiff, for which it is jointly and severally liable with Rock Drillers. (Doc. 25).

The court **WILL DISMISS** Count Three of the amended complaint **WITH PREJUDICE**. (Doc. 8).

**DONE** and **ORDERED** this January 7, 2026.

_____
**ANNEMARIE CARNEY AXON**
UNITED STATES DISTRICT JUDGE